**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

**QUENTIN SUTTLES,**

       **Plaintiff,**

-vs-

**THE CITY OF BUFFALO, et al.**

       **Defendants.**

**ATTORNEY DECLARATION**

Index No.: 1:21-CV-00897

       Anthony C. Duddy, an attorney admitted to practice in this Court, declares under penalty of perjury pursuant to 28 U.S.C. §1746 that the following is true and correct:

    1.    I am an Assistant Corporation Counsel for the City of Buffalo, of counsel to Cavette A. Chambers, Corporation Counsel. Our office represents the Defendants in this action and, as such, I am fully familiar with it.

    2.    This declaration is submitted in opposition to Plaintiff's attempt to Show Cause for the entry of untimely evidence, in exhibit format, to their previously submitted opposition to Defendants' Motion for Summary Judgment.

    3.    By way of background, Plaintiff, Quentin Suttles, filed this action on August 6, 2021, against Defendants City of Buffalo, et al., *(Dkt. 1)*.

    4.    On July 5, 2024, Defendants filed a Motion for Summary Judgment *(Dkt. 48)* pursuant to the Federal Rules of Civil Procedure Rule 56(c).

    5.    On July 26, 2024, Plaintiff requested, and was granted, an adjournment to submit their opposition papers. The response date was set for August 25, 2024 *(Dkt. 50)*.

    6.    On August 22, 2024, Plaintiff sought a second adjournment *(Dkt. 54)*, which was granted by this Court. The response date was set for September 13, 2024.

7. On September 12, 2024, Plaintiff sought, and was granted, a third adjournment to file their opposition papers. The response date was set for September 20, 2024 *(Dkt. 55)*.

8. Plaintiff's Counsel filed her Attorney Declaration in opposition on September 20, 2024, just prior to the Court's deadline *(Dkt. 56)*.

9. Plaintiff's affidavit, Mam's affidavit, and Plaintiff's Memorandum of Law were filed late, after the Court's deadline, on September 21, 2024 *(Dkts. 58, 59 & 61)*.

10. On October 4, 2024, Defendants timely filed our reply to Plaintiff's opposition papers *(Dkt. 63)*.

11. On October 4, 2024, Plaintiff filed a "Motion to Seal Documents" *(Dkt. 62)*. This Motion apparently pertained to medical records which were referenced in Plaintiff's previously submitted opposition papers, but which had not been filed or provided as exhibits to the Defendants.

12. On October 10, 2024, Counsel for Plaintiff, Counsel for Defendants, and the Court engaged in an electronic colloquy, wherein Plaintiff's Counsel attempted to submit additional documents that were not filed as exhibits, were not referenced with their papers in opposition, and were not part of their Motion to Seal Documents. (See **Exhibit A**, email colloquy between the Court and counsel, dated October 10, 2024).

13. The Court rightfully questioned those documents attempted to be filed out of time, without permission, and advised Plaintiff that they would need to show cause as to why the documents should not be stricken. (*Dkt. 72*).

14. In that effort, Plaintiff now asserts a series of arguments that this Court should allow the submission of these untimely exhibits that were not included in Plaintiff's "Declaration of Prathima Reddy with supporting exhibits (*Dkt. 56*)."

15. Plaintiff first asserts that the exhibits were "known" to Defendants and that the documents were previously turned over as part of the discovery process. Thus, Plaintiff asserts that their inclusion does not cause prejudice to Defendant, as Plaintiff "re-filed a declaration as *Dkt.69* to replace *Dkt. 56*" to include the "marked exhibits to the deposition transcripts" that were "not attached to each of the seven (7) deposition transcripts."

16. Plaintiff's argument that the "refiling" should be permitted because the exhibits were provided to Defendants as part of discovery conflates the Plaintiff's responsibility to properly file their papers with necessary exhibits, with the discovery process of turning over documents to another party.

17. It cannot be disputed that in order to properly file their papers, it is the responsibility of the parties to file motions, affirmations, and other such documents, with attached evidence in admissible form, to support their arguments.

18. Moreover, the Northern District of New York stated, in <u>Phelps v. GEICO Indem. Co.</u>, No. 6:12-CV-1585 GTS, 2015 WL 1447024, at *8 [NDNY 2015]), that "inadvertent failures to attach exhibits to opposition papers may be excused (assuming the movant has a fair opportunity to challenge those exhibits and place them in the context of surrounding record evidence)," however "the careful procedure for briefing a motion for summary judgment does not allow a non-movant, after a reply has been filed, to 'amend' its responsive [papers] in a way that effectively serves as a sur-reply to the movant's reply memorandum of law." The Court stated that "[s]uch an attempt is both unfair and inefficient."

19. Plaintiff's attempt to "re-file" their affirmation with additional exhibits for the purposes of supporting their opposition papers, acts in precisely the way that was considered by

the Northern District, wherein Plaintiff was attempting to effectively utilize the amendments as an unsolicited "sur-reply".

20. The inclusion of these improperly filed exhibits would directly and specifically prejudice Defendants, who did not address them as part of their reply, and had no opportunity to, as they were not at that time, and are not currently, part of the record.

21. Plaintiff cannot amend the record following submission of their opposition papers with exhibits that were not part of the record at the time Plaintiff's papers were submitted in order to establish Plaintiff's basis for need of a "sur-reply". Such an amendment would entirely circumvent this Court's process for submission of papers on a Motion for Summary Judgment and allow Plaintiff an additional attempt to address Defendants' Motions.

22. Moreover, documents turned over as part of discovery do not, automatically, become exhibits; they must be properly, and timely, submitted to the Court as part of a filing to be considered.

23. Thus, the purported basis Plaintiff asserts that these late-filed documents should be admitted to the record, specifically that these documents had already been turned over in discovery, would essentially create a never-ending loophole in the Court's filing schedule to allow for endless out of time submissions. This would completely subvert the purpose of our motion practice schedule, and under this logic, allow any party to submit any document at any time, so long as it had been part of discovery. Such a standard does not exist, and would create absurdity of practice.

24. Plaintiff next asserts that they intended to file the exhibits in support of Plaintiff's opposition to Defendants' summary judgment motion, but for technical difficulties inclusive of "ECF timing out when attaching large attachments, log ins being blocked earlier in that day and having to reformat exhibits for uploading". (See Plaintiff's Declaration n. 1).

25. Plaintiff's counsel states that she timely filed the Attorney Declaration on Friday, September 20, 2024, which was the last day to timely file Plaintiff's reply brief to Defendants' Summary Judgement motion. Plaintiff then states that due to "technical difficulties" the supporting documentation of "Plaintiff's Affidavit, the Mam's Affidavit, Statement of Disputed Facts, and the Plaintiff's Memorandum of Law" were not timely filed.

26. As the Southern District of New York stated, in Ediagbonya v. United States, No. 18-CV-3882 (VSB), 2020 WL 5659539, at *3 [SDNY 2020]), "a court in this District has found that technical problems with the ECF system, when plaintiff waited until the last day to file a complaint, is not sufficient to warrant" granting equitable relief. (Yesh Diamonds, Inc. v. Yashaya, 2010 WL 3851993, at *3 [SDNY 2010] [finding plaintiff's counsel showed a lack of lack of due diligence by waiting "until the eleventh hour to attempt his filing," and that his inability to file the Complaint due to problems encountered on ECF was insufficient]; Temburri v. Berryhill, No. 16-CV-5784 (PKC), 2018 WL 1175141, *2 [EDNY 2018] [denying petition when Plaintiff's counsel's computer crashed and froze, causing Plaintiff's counsel to file his motion 50 minutes after the deadline]).

27. Here, Plaintiff had a significant amount of time to properly file the documents necessary to oppose Defendants' summary judgement motion. The procedural history of this case is rife with adjournments and extensions totaling sixty-seven (67) days for Plaintiff to respond to Defendants' motion filed on July 5th, 2024.

28. As Plaintiff Counsel, by her own admission, stated that she waited to file on the last date provided for the submissions, Plaintiff has not established her due diligence in completing and filing the documents and their necessary supporting exhibits in a timely manner.

29.     Based on the facts and legal arguments set out above, Plaintiff's motion to show cause for submission of their untimely exhibits should be denied in its entirety as such a submission would impermissibly and stringently prejudice Defendants.  Should the Court allow this late filing, the Defendants respectfully request the opportunity substantively to address whatever is filed, as they did not have the opportunity to do so in their reply.

Dated: November 1, 2024
      Buffalo, New York

                                              CAVETTE A. CHAMBERS, ESQ.
                                              Corporation Counsel

                                              By: /s/ Anthony Duddy
                                              Anthony Duddy, Esq.
                                              City of Buffalo Department of Law
                                              65 Niagara Square
                                              1100 City Hall
                                              Buffalo, New York 14202